IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TERRY LIGHTHEART**                                                                                    **PLAINTIFF**

vs.                                                                          **CIVIL ACTION No.: 3:23-CV-365-HTW-LGI**

**THE SALVATION ARMY, et al.**                                                        **DEFENDANTS**

## ORDER

BEFORE THIS COURT are [Dockets 3, 14, 16, 18, 20, and 55], Defendants' motions to dismiss and for a more definite statement. Plaintiff Terry Lightheart ("Lightheart") files this action as an aggrieved former employee of the Salvation Army, alleging employment discrimination, based on her religion, gender, and age, as well as a panoply of violations of federal and state law.[1]

### I.   PROCEDURAL HISTORY

Lightheart filed her suit in June 2023. [Docket 1]. Defendants Rule One Consulting, LLC and J. Kevin Smith thereafter filed [Docket 3], a motion to dismiss for want of personal jurisdiction and for failure to state a claim, in lieu of a responsive pleading. Rather than respond to this motion, Lightheart filed her First Amended Complaint ("FAC") in September 2023. [Docket 6]. The FAC supplants the pleading [Docket 3] targeted.[2] The same defendants since filed a new motion regarding the FAC. [Docket 18]. This Court, therefore, **denies as moot** [Docket 3].

---

[1] Lightheart alleges that this Court has subject-matter jurisdiction based on 28 U.S.C. § 1331 federal question jurisdiction over her federal causes of action, 18 U.S.C. § 1367(a) supplemental jurisdiction over her state causes of action, and 28 U.S.C. § 1332(d) jurisdiction over the class actions. This Court, presently, finds these allegations sufficient for it to preside in this matter. This Court, however, does not purport to speak for whether a subsequently amended complaint will adequately state subject-matter jurisdiction. This Court will reach that issue in due course.

[2] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), *recognized as superseded by statute*

Since then, across five motions, the named defendants have moved to dismiss Lightheart's claims against them and, alternatively, moved for a more definite statement. [Dockets 14, 16, 18, 20, and 55]. Lightheart purports to oppose each.[3] While some of these motions contain unique grounds for relief—such as alleging this Court lacks personal jurisdiction over the moving defendant—each motion uniformly decries the FAC as an "impermissible 'shotgun'" pleading and moves this Court to dismiss the FAC or require Lightheart to replead.

## II. LEGAL STANDARDS

A pleading "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While "no technical form is required," each allegation "must be simple, concise, and direct." Fed R. Civ. P. 8(d)(1). "A party must state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 8's purpose is "to [e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (quoting *Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)).

Claimants assist the court when they submit a "clear and concise pleading that sets forth the precise claims to be pursued." *Gulfstream Prop. & Cas. Ins. Co. v. Alarm.com, Inc.*, No. 5:21-CV-52-DCB-LGI, 2022 WL 1541290, at *5 n.5 (S.D. Miss. May 16, 2022). "On the other hand,"

---

*on other grounds*, *Valentine v. Hodnett*, No. 5:14-CV-72, 2015 WL 12942069, at *3 (S.D. Tex. Sept. 16, 2015) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)).

[3] Lightheart responded in opposition to [Dockets 14, 16, 18, and 20], although Lightheart did not file a memorandum of points and authorities in opposition to [Docket 16]. *See* L.U. Civ. P. 7(b)(4) ("Counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response.").

Lightheart requested more than a month of additional time to respond to [Docket 55], and this Court granted that request, ordering Lightheart to respond by June 7, 2024. To date, Lightheart has not responded or sought additional time; however, this Court declines to exercise its discretion to "grant the motion as unopposed." L.U. Civ. P. 7(b)(3)(E).

claimants hinder "judicial review [with] what the Fifth Circuit has described as a 'shotgun approach to pleadings ... where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick.'" *Id.*[4] "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Goode v. Early Encounters, Inc.*, No. 2:21-CV-152-RPM, 2022 WL 4488010, at *5 (S.D. Miss. Sept. 27, 2022) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)).

Shotgun pleadings often contain "causes of action which are sweepingly alleged against 'Defendants,' either in whole or in part." *Johansen v. Myers*, No. 1:23-cv-6-LG-BWR, 2023 WL 5498060, at *4 (S.D. Miss. Aug. 24, 2023). "The allegations intended to support these causes of action generally fail to state which Defendants are implicated in which causes of action and via what specifically alleged conduct," rendering "the Court … unable to assess the how, what or when, as it pertains to each individual Defendant and each separate cause of action." *Id.*

Shotgun pleadings may also set forth introductory allegations and "merely incorporate[] by reference all facts" into brief or conclusory counts. *See Goode*, 2022 WL 4488010, at *5. Even if the introduction itself is "coherent," such pleading does not satisfy a claimant's obligation to place the parties and court on notice of the factual underpinnings of each count. *Id.*; *see also, e.g.*, *Thomas v. Univ. of Mississippi*, No. 3:18-CV-62-GHD-RP, 2018 WL 6613807, at *5 (N.D. Miss. Dec. 17, 2018). A pleading must apprise a defendant of the coordinates of a plaintiff's legal vessels in the swirling and chaotic waters of a real-life story; a shotgun pleading fails this aim when it describes an ocean of facts and then summarily lists boats which may float thereon.

---

[4] (quoting *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986) (which refers to shotgun pleadings in the distinct context of attorney sanctions), *recognized as abrogated*, *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)).

Courts will sometimes dismiss shotgun pleadings,[5] but often prefer a less-extreme remedy. Courts may give parties leave to amend shotgun pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Gordon*, 602 F.2d at 743. Also, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed[,] but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

### III. DISCUSSION

Lightheart's FAC is not "short and plain." It is 225 pages and 1,167 paragraphs long, not including exhibits. Lightheart sues 15 named defendants and 5 unidentified fictional defendants (John/Jane Doe Nos. 1–5). Lightheart levies 31 counts against the defendants, ranging from wrongful termination, to negligence, to violations of Title VII of the Civil Rights Act of 1964, to violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Lightheart purports to sue both as an individual plaintiff and on behalf of a putative class.

Lightheart spends about 25 pages and 160 paragraphs discussing the formation, history (starting in the 1800s), aims, operations, beliefs, structure, and leadership of the Salvation Army—all before Lightheart even begins her introductory "Facts" section. Then, the individual counts describing causes of action do not begin until about 600 paragraphs and 100 pages later.

Within individual counts, Lightheart identifies the statutory or common-law cause of action and lists the defendants implicated. Lightheart then realleges and incorporates by reference all the foregoing paragraphs. While certain counts include some degree of specificity regarding the

---

[5] *See Posey v. City of Moss Point, Mississippi*, No. 1:20-cv-90-HSO-JCG, 2021 WL 6804215, at *4 (S.D. Miss. Feb. 26, 2021) ("'Vague, imprecise "shotgun" pleading clouds the legal and factual issues in a case,' and [is] subject to dismissal under Rule 12(b)(6).") (citing *Payne v. Univ. of S. Mississippi*, No. 1:12-CV-41-KS-MTP, 2014 WL 691563, at *2 n.3 (S.D. Miss. Feb. 21, 2014), *on reconsideration in part*, No. 1:12-CV-41-KS-MTP, 2014 WL 1355449 (S.D. Miss. Apr. 7, 2014), *and aff'd*, 643 F. App'x 409 (5th Cir. 2016)).

alleged torts and wrongs, other counts fail to identify the defendants' conduct giving rise to the cause. For example, see below Lightheart's count of "negligence:"

> **COUNT SIXTEEN**
> **NEGLIGENCE**
> **(PLAINTIFF LIGHTHEART AS TO THE SALVATION ARMY, THE SALVATION ARMY USA, THE SALVATION ARMY SOUTHERN TERRITORY JELLETS, HUNTER, DAVIS, HAWLEY, JONES, AND OUBRE)**
>
> 990. Plaintiff Lightheart realleges and incorporates by reference all foregoing paragraphs as if fully stated herein.
>
> 991. Defendants owed Plaintiff Lightheart a duty of care.
>
> 992. Defendants breached their duty of care to Plaintiff Lightheart.
>
> 993. The breach of the duty of care owed to Plaintiff Lightheart caused injury to Plaintiff Lightheart.
>
> 994. The injury to Plaintiff Lightheart was foreseeable.
>
> 995. Plaintiff Lightheart has suffered, is now suffering, and will continue to suffer damages as a result of Defendants' negligence, including past and future lost wages and benefits, emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, the costs of bringing this action, and other nonpecuniary losses as a direct result of the Defendants' interference with the relationship between Plaintiff Lightheart and The Salvation Army.
>
> WHEREFORE, Plaintiff Lightheart demands judgment in her favor as against all

[Docket 6] at 178–79.

In substance, Lightheart alleges that her employers treated her unfairly (compared to similarly situated individuals without her protected characteristics), subjected her to a hostile workplace and inappropriate comments (based on discriminatory motives and in retaliation for her reporting alleged misconduct), and misappropriated resources (meant for disaster relief).

Lightheart argues that "[t]he complex nature of the church known as The Salvation Army, the misconceptions about the structure of the organization, the nature of the claims, the number of potential causes of action, the number of wrongful actors, and the span of time encompassed by the factual allegations prevent the brevity sought" by Defendants. *See* [Docket 49] at 34. She "sought to address the length and multitude of facts by organizing the pleading into logical sections with headings that identify the subject matter and include organized divisions" and included

"numerous sections in an attempt to better address in an orderly sequence the numerous acts of misconduct by the defendants and each of them." *Id.* Lightheart concedes that she "reallege[s] and incorporate[s] the preceding paragraphs," but "submits [that] the [FAC], nevertheless, adequately sets forth which factual allegations support the claims against" Defendants. *Id.*

This Court is not persuaded. Despite her choice to include numerous, seemingly irrelevant, facts about, for example, early charters and behavior of the Salvation Army, Lightheart withholds specific details for the most critical subjects. Lightheart makes frequent reference to "offensive" and "inappropriate" comments and conduct by one of the named defendants, but this Court has found within the complaint only vague allusions to such comments and conduct, without specific detail or example. Lightheart omits examples of the "texts and emails" from this named defendant that she purports contain offensive matter, while attaching an email sent by the same defendant for other purposes. This Court is concerned that Lightheart may be trying to "dress up" weak claims by lengthening the complaint and flooding this Court and the parties with extraneous detail. This Court recognizes counsel's hard work in crafting this document, but a complaint is not the place for such a treatise.[6]

Further, to require fifteen named defendants to answer each numbered allegation—many of the allegations conclusory or dense in nature—would place an undue burden on the parties beyond that of typical procedure in pleading. This Court is concerned that Lightheart, by prompting each defendant to answer each allegation, seeks premature discovery and to propound more interrogatories than she would ordinarily be entitled. Lightheart specifies the defendants

---

[6] *See Muniz v. Medtronic, Inc.*, No. A-13-CA-451-SS, 2014 WL 1236314, at *2 (W.D. Tex. Mar. 20, 2014) (chiding a plaintiff for an overlong complaint including "over fifty pages" of unnecessary detail, interpreting the pleading as an "entirely premature" "attempt at establishing an evidentiary record," and permitting an amended complaint "specifically pleaded in a way that would allow the [c]ourt to make sense of [plaintiff's] claims" in the context of case-specific issues).

sued under each count; often, however, as Defendants complain, "within the counts, [Lightheart] does not explain the basis for grouping Defendants that are alleged to be liable, or distinguish between the defendants, or provide the basis for the claim made against each defendant." [Docket 60] at 4. This Court finds Lightheart's complaint is "so vague or ambiguous that the [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

While parties are permitted to argue alternative causes, Fed. R. Civ. P. 8(d)(2), Lightheart's decision to plead so many counts, to name so many defendants, and to submit so many vague theories gives this Court the impression that she is throwing a little bit of everything into her complaint in the hopes that something will stick. Also, the (often conclusory) manner Lightheart pleads counts against groups of defendants, incorporating by reference all the hundreds of preceding facts from the introductory sections, deprives the parties and this Court of adequate notice of her claims.

This Court, in sum, finds that the FAC is an impermissible "shotgun pleading" which violates Federal Rules of Civil Procedure 8 and 10.[7] As an alternative to dismissal, Defendant has moved for a more definite statement and Lightheart has requested the opportunity to amend her pleading. This Court, thus, in the interest of justice, will grant Lightheart leave to amend once more. *See* Fed. R. Civ. P. 15(a)(2). This Court, indeed, will compel it by **granting** Defendants' motions for a more definite statement. Lightheart, to avoid dismissal, shall file a Second Amended Complaint ("SAC"), complying with Rules 8 and 10, within twenty-one (21) days of this order.[8]

---

[7] *Gordon*, 602 F.2d at 746 (expressing the view that overlong complaints full of extraneous or improper allegations should not be tolerated and collecting cases in support).

[8] "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

This Court does not reach Defendants' remaining grounds for dismissal. Lightheart will replead, so her jurisdictional allegations and choices of defendants and counts may change; and the SAC will become the operative complaint, supplanting the FAC. Otherwise, this Court intends to strike Lightheart's pleading and dismiss the action. Either outcome renders the Defendants' current motions moot. This Court, therefore, **denies, without prejudice**, Defendants' motions to dismiss, and will permit Defendants to re-urge their motions, if necessary. Lightheart now has the benefit of this Court's stance on shotgun pleadings, a preview of Defendants' positions on, among other things, personal jurisdiction, and additional time to investigate and review her contentions. Cautioning that this is Lightheart's third bite at the apple—but declining to micromanage her pleading—this Court encourages her to use this amendment opportunity to select—judiciously— targeted defendants and arguably meaningful causes of action with factual allegations to serve as the glue connecting the two.

### IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that [Dockets 14, 16, 18, 20, and 55] are **GRANTED IN PART and DENIED IN PART**. Specifically, Defendants' motions for more definite statements are **GRANTED**. Lightheart shall make more definite statements as to her causes of action in this matter by amending her complaint, for which this court hereby **GRANTS** leave. Lightheart shall file her SAC within **twenty-one (21) days** of the entry of this order. Defendants' remaining motions for dismissal are **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that [Docket 3] is **DENIED AS MOOT**.

SO ORDERED this the   4th   day of   September  , 2024.

/s/ HENRY T. WINGATE  
**UNITED STATES DISTRICT COURT JUDGE**